IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAJIB BABUL,** : | | **CIVIL ACTION** |
| Plaintiff, : | | |
| : | | **No. 15-2937** |
| v. : | | |
| : | | |
| **RELMADA THERAPEUTICS, INC. et al.,** : | | |
| Defendants. : | | |

### **MEMORANDUM ORDER**

This 20th day of January, 2016, upon consideration of the Motion to Dismiss Count I of Plaintiff's Complaint filed by Defendants Robinson Brog Leinwand Greene Genovese & Gluck P.C., David C. Burger, and David E. Danovich (collectively, the "Lawyer Defendants"), Plaintiff's Opposition thereto, and the parties' presentations during the October 19, 2015 oral argument in this matter, it is hereby **ORDERED** that Defendants' Motion is **DENIED** for the reasons set forth below.

The Lawyer Defendants have moved to dismiss Count I of Plaintiff's Complaint, which alleges a violation of Pennsylvania's Dragonetti Act, 42 Pa.C.S. § 8351 *et seq.* for wrongful use of civil proceedings.  The Lawyer Defendants argue that the underlying action was resolved via agreement of the parties, which precludes Plaintiff from pleading a plausible Dragonetti claim under Pennsylvania law.  Specifically, the Lawyer Defendants argue that Dr. Babul's Complaint unequivocally asserts that the parties negotiated and ultimately agreed to the terms of the Stipulated Judgment, essentially compromising in order to end the matter without further litigation.  Compl. at ¶¶ 238–47.  The Relmada v. Babul Stipulated Judgment begins, "STIPULATED AND AGREED by and between [Relmada and Babul]."  Similarly, in exchange for judgment in his favor on Relmada's claims, Dr. Babul only received half of the exercise

1

rights he was seeking in his counterclaims, and none of the damages. Finally, the Lawyer Defendants maintain that even if the word "settlement" did not appear in the Stipulated Judgment, it is considered a settlement as a matter of law.

In opposing Defendants' position, Plaintiff's most compelling argument is that at this stage, the Court must accept all factual allegations as true, and as pleaded, the Stipulated Judgment Order was not an agreement or compromise but "an order granting Dr. Babul all of the relief to which he would be entitled if the case went all the way through trial and he won on everything." Id. at ¶ 238. In addition, Plaintiff relies on the following language from the Stipulated Judgment: "Judgment is hereby entered in favor of Babul and against Relmada on all claims in Relmada's Complaint, with costs taxed against Relmada." Relmada Therapuetics, Inc. v. Najib Babul, No. 14-0104-GAM, Stipulated Judgment Order at ¶ 1. Dr. Babul also argues that if the Stipulated Judgment Order did not constitute a "favorable termination," then Relmada—the other party to the agreement—would have surely asserted this argument in its Motion to Dismiss, but it did not. Rather, Relmada conceded in the first sentence of its brief that Dr. Babul emerged victorious in Relmada v. Babul ("This case is an attempted continuation of a battle between Plaintiff, Najib Babul, and the company that he founded, a battle which he has already won once."). Finally, Plaintiff contends that Dr. Babul's counterclaims are irrelevant when assessing the favorable termination element of Dragonetti, because the critical question is whether he prevailed on the claims brought *against* him.

After extensive review of the parties' pleadings and argument in this matter, I agree with Plaintiff that the Complaint plausibly avers that Dr. Babul emerged victorious in the underlying litigation. Moreover, while Defendants offer persuasive arguments, a factual question remains regarding whether the Stipulated Judgment Order is properly interpreted as a "favorable

2

termination" for purposes of Plaintiff's Dragonetti claim, and at this preliminary stage, all factual allegations and inferences drawn therefrom must be interpreted in the light most favorable to Plaintiff. Accordingly, Plaintiff has a right to proceed to discovery in an effort to prove the facts alleged.

      /s/ Gerald Austin McHugh
United States District Court Judge